UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 17-7173-JVS (KS)                                             Date: October 4, 2017

Title   *Harvey Brooks v. Shawn Hatton*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On September 28, 2017, Petitioner, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") with a supporting Memorandum.  (Dkt. No. 1.)  Petitioner, who previously filed a habeas petition in this Court attacking his 2013 conviction for first degree murder, *see Harvey Brooks v. Joe Lizarraga*, No. CV 15-5650-JVS-KS (C.D. Cal. Aug. 9, 2016), presents one ground for relief: the trial court improperly imposed a restitution fine without considering Petitioner's ability to pay.   Petitioner asks to be "remanded for a restitution hearing." (Petition at CM/ECF Page ID 7.)   In support of his claim, Petitioner cites California Penal Code §§ 1202.4, 1203.1, 1203.4, and 1237 (Petition at CM/ECF Page ID 5, 6, 7) and relies on a number of state court cases (*see, e.g., id.* at CM/ECF Page ID 6-8 (citing, *inter alia*, *People v. Narron*, 237 Cal. Rptr. 693 (1987), *People v. Giordano*, 132 Cal. App. 4th 958 (2005), *People v. Giordano*, 42 Cal. 4th 644 (2007)), and *People v. Dehle*, 166 Cal. App. 4th 1380 (2008)).[1]

The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*) (quoting *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (*per curiam*)); 28 U.S.C. § 2254(a).  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") requires a district court to dismiss a habeas petition if it plainly appears from the petition and any attachments that the petitioner is not entitled to relief in the district court.

---

[1]   Petitioner also cites 18 U.S.C § 3572(b) (Petition at CM/ECF Page ID 7), which governs a *federal* court's imposition of fines in connection with a criminal sentence and, thus, is inapplicable to Petitioner's case.

      Here, Petitioner's challenge to the state trial court's restitution order does not present a cognizable claim under § 2254(a) because it lacks any nexus to the validity or duration of Petitioner's custody. *See Bailey v. Hill*, 599 F.3d 976, 981-82 (9th Cir. 2010) ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence"); *see also Newell v. McDowell*, No. CV 15-2035-CJC (JEM), 2017 WL 3701224, at *8 (C.D. Cal. July 14, 2017), report and recommendation adopted, No. CV 15-2035-CJC (JEM), 2017 WL 3671152 (C.D. Cal. Aug. 24, 2017) ("Because Ground Two challenges only Petitioner's restitution obligations and not any aspect of his conviction, the Court is without jurisdiction to consider it."); *Abbott v. Lizarraga*, No. EDCV161517PSGGJS, 2016 WL 4411483, at *2 (C.D. Cal. Aug. 15, 2016), judgment entered, No. EDCV161517PSGGJS, 2016 WL 4411482 (C.D. Cal. Aug. 15, 2016) ("the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated"). To the extent Petitioner predicates his claim on an alleged violation of state law, his claim also is not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because the Petition fails to establish that the Court has jurisdiction to consider Petitioner's sole claim for federal habeas relief, the Petition is subject to dismissal pursuant to Habeas Rule 4.

      IT IS THEREFORE ORDERED that Petitioner shall, no later than October 25, 2017, file a First Amended Petition, <u>using the Central District's standard habeas petition form</u>, in which he establishes that the Court has jurisdiction to entertain Petitioner's claim(s) for habeas relief.

      Alternatively, if Petitioner filed the Petition in federal court in error or if he no longer wishes to proceed with this action, Petitioner shall voluntarily dismiss this action without prejudice by filing a signed document entitled "Notice of Voluntary Dismissal" pursuant to Rule 41(a) of the Federal Rules of Civil Procedure no later than the October 25, 2017 deadline.

**<u>Petitioner's failure to timely file either a Notice of Voluntary Dismissal or a First Amended Petition that complies with this order may result in dismissal pursuant to Rule 4 of the Habeas Rules and Rule 41(b) of the Federal Rules of Civil Procedure.</u>**

\\
\\
\\
\\

The Clerk is directed to send Petitioner Form CV-69, the Central District's standard habeas petition form for a person in state custody.

**IT IS SO ORDERED**.

:
**Initials of Preparer**   rhw